### Case No. 5,223.

GARDNER v. COLLINS.

[3 Mason, 398.] 1

Circuit Court, D. Rhode Island. June Term, 1824.

1 [Reported by William P. Mason, Esq.]

Hunter and Robbins, for tenant,

Searle & Hazard, for demandant, argued è contra.

STORY, Circuit Justice (summing up to the jury). The first question is, whether there has been any delivery of the deed of Clarke and others to the demandant, or for his use. It is certainly not necessary to prove a positive, formal delivery. It may be inferred from circumstances. The execution of the deed by the grantors is fully established. It was then delivered to Clarke, one of the grantors, by the consent of the other grantors; it was subsequently found in the possession of S. F. Gardner, the demandant's agent, and by him placed in the registry for record. It is now found in possession of the demandant's counsel; and its due execution and delivery are not contested by any person, who was a party to it; but the objection is taken by a mere stranger. Under such circumstances I have no doubt, that the evidence is competent

in point of law, from which the jury may presume a delivery to, or for the use of, the demandant; and I shall leave it as a question of fact to them accordingly.

As to the second objection, there is no pretence to say, that it presents any point as to the jurisdiction of the court. The demandant is described in the writ as an inhabitant of Fairfax county, and "a citizen of the state of Virginia." The tenant is a citizen of Rhode Island, and so described also in the writ. If the tenant meant to deny the allegation of the citizenship of the demandant, he should have done it by a plea in abatement, and brought the matter directly in controversy before the court. By pleading over to the merits, he admits the description in the writ to be true. It is not matter relevant or proper under the general issue. It has no tendency to prove the guilt or innocence of the tenant. Nor have I heard any evidence which shows that the demandant is not a citizen of Virginia. He claims the whole land in controversy; but admitting the deed is void, if his title by heirship is maintained, he is certainly entitled to recover his moiety, or one fourth part, as one of the heirs of Mary C. Gardner. To this extent, therefore, his writ is at all events good, since his citizenship has not been put in issue, and the controversy is between citizens of different states. The second point is therefore narrowed down to the consideration of that portion of the premises claimed by the demandant under the deed of the other asserted co-heirs. Whether a deed executed for the sole purpose of giving jurisdiction to the court, and without which it could not be maintained, be void or not, is a point upon which I do not feel myself called upon to deliver an opinion under the present state of the evidence. Not that I have any objection to stating my opinion, but I think it wrong to travel beyond the points which the evidence brings before the court. I cannot perceive any sufficient evidence in this case to raise the question. The onus probandi lies on the party taking the objection. Where is the evidence of any purpose of founding jurisdiction by this deed? Where is the evidence of witnesses or others, that the consideration in the deed was not paid, or that the purchase was not bona fide made by a party having perfect confidence in the title. Though controverted by the tenant, it does not follow, that it was matter of any legal doubt. Until therefore some evidence is introduced to lay a foundation for the presumption of the deed's being collusive, I do not feel myself called upon to express an opinion.

The more important point is that, which respects the heirship of the demandant and those, under whom he claims. It depends upon this, whether by the law of Rhode Island brothers and sisters of the half blood are entitled to inherit by descent in default of lineal descendants of the intestate. The statute of distributions of Rhode Island of 1798 (Dig. 1798, pp. 287, 288) declares, that where there are no children of the intestate, all the right, title, and interest in his real estate "shall vest in and be divided equally amongst the next of kin in equal degree, and those, who shall represent them, if any of them be dead, computing according to the degrees of the civil law." Upon this statute there would seem to be no room for legal doubt. By the civil law, brothers and sisters of the half blood are equally next of kin with those of the whole blood. This construction was put upon the statute of distributions of 22 & 23 Car. II. c. 10, which is far more general in its language, more than a century ago in Crooke v. Watt, 2 Vern. 124, and has ever since been adhered to in England. The same construction, at least as far as my knowledge extends, has been generally adopted in America. Hillhouse v. Chester, 3 Day, 166; Preston v. Hoskins, 2 Yeates, 545; Sheffield v. Lovering, 12 Mass. 490.

But the present case is not governed by the act of 1798. It has arisen since the general revision of the statutes in 1822, and is to be settled by an appeal to the text in that digest. The statute of distributions of 1822 contains a detailed enumeration of the succession of heirs, and in the fourth paragraph declares, that "if there be no father, then to the mother, brothers and sisters of such intestate, and their descendants, of such of them as there may be." The question then is, whether brothers and sisters of the half blood are not within the purview of this clause. No intention is shown on the face of this statute to alter the rule of the act of 1798, as to the half blood; and unless the court can say, that brothers and sisters of the half blood are not brothers and sisters in the general sense of law, it is impossible to doubt the title in this case. The statement of the proposition carries its own answer. Brothers and sisters of the half blood are recognized by law as of kin in the degree of brothers and sisters, and as the act contains no qualification as to whole or half blood, the words must be taken in their common and usual sense.

Verdict for the demandant for the whole of the premises. Judgment accordingly.