Marlow v. King.

D. M. MARLOW AND ANOTHER v. JOSIAH KING.

That the note sued on was given for the one half of an inheritance, to which both the parties supposed the payee was entitled as heir, whereas he was only entitled to one quarter, is a good plea of partial failure of consideration.

Where a deceased person leaves no brothers or sisters of the whole blood, but leaves brothers or sisters of the half blood, the latter inherit the same as if they were brothers or sisters of the whole blood.

Appeal from Anderson. Tried below before the Hon. John H. Reagan.

*Donley & Anderson,* for appellants.

*E. H. Horrell,* for appellee.

HEMPHILL, CH. J. Martha A. Marlow departed this life without issue, leaving David M. Marlow, one of the appellants, her surviving husband. Her mother had died a long time previous to her death, and her father married subsequently to her mother's death, and there were several children, the issue of this second marriage. These children, being the half brothers and sisters of the said Martha A. Marlow, as also her father P. A. Walton, survived the death of the said Martha. She left three slaves as her separate property. Her husband and her father, some time after her death, agreed that the husband should retain the slaves, and that as he was entitled to half of them by law, he should give a note to the father for the other half, amounting to twelve hundred dollars. The note, with security, was given, and suit being brought for its recovery, the defendant pleaded a partial failure of consideration, in this, that the father of the deceased was not entitled

to the whole of the one half of the value of the slaves, but that her half brothers and sisters were entitled to one half of that half, and consequently entitled to one half of the note.— The brothers and sisters also intervened by next friend, and claimed judgment for the one half of the note.

The plaintiff excepted to the plea of defendants on the special grounds, that the entire half passed to the father and no portion to the brothers and sisters of the half blood, and that it was not shown that the note was executed by fraud or mistake. The exception of plaintiff to the plea of the defendants was sustained, and the plaintiff recovered judgment for the full amount of the note.

The only question for consideration (as stated by counsel of appellee in his brief,) is as to the right of the half brothers and sisters of the deceased to claim any portion of her estate. The ruling of the Court below, sustaining the exception, proceeded on the supposition that they had no right, for if they had, there was a failure of the consideration of the note *pro tanto*, and the plaintiff was not entitled to recover the full amount from the defendant. The effect of the second and fourth Sections of the Act of 1848, regulating descent and distributions, (Hart. Dig. Art. 593, 595,) is to give one half of the estate of the deceased (she having no children) to the surviving husband, and, her mother being dead, the other half, as the law declares, shall be divided into two equal portions, one of which shall pass to the surviving father, and the other shall pass to the brothers and sisters of the deceased ; and the only question is whether the terms brothers and sisters include as well brothers and sisters of the half as those of the whole blood. The terms are general, and those of the half as well as those of the whole blood come strictly within their scope and signification. If there could be any doubt upon the subject, that is dissipated by the provision in the sixth Section, (Art. 597,) which declares that where the inheritance is directed to pass to the collateral kindred of the deceased, if part of such col-

Marlow v. King.

laterals be of the whole blood, and the other part of the half blood only, of the intestate, those of the half blood shall inherit only half as much as those of the whole blood, but if all be of the half blood, they shall have whole portions. This is a qualification of the grant in the preceding Sections, to the brothers and sisters, showing that half brothers and sisters were not excluded, but that they were entitled only to half as much as those of the whole blood. If the deceased had left brothers and sisters of the whole blood, her half brothers and sisters would not be deprived of all share in the inheritance, but would have received only one half as much as those of the whole blood. But there being none of the whole blood, they are, by the Statute, entitled to the entire portion which by law descended to the brothers and sisters of the deceased. Their father is not authorized to recover their share of this property, or of its value, in his paternal right. He does not appear as guardian, and exhibits no authority to act in relation to their share of the estate. In his individual right, he is entitled to but one fourth of the estate of the deceased, and consequently to but one half of the note.

There was error in sustaining the exception to the plea of defendants, and it is ordered that the judgment be reversed and the cause remanded.

Reversed and remanded.