[No. 12869.  Department Two.—April 18, 1889.]

IN THE MATTER OF THE ESTATE OF HANNAH G. IN-GRAM, DECEASED.  SAMUEL F. CLOUGH ET AL., APPELLANTS, JOHN W. INGRAM, RESPONDENT.

ESTATE OF DECEDENT—INTESTACY—CHILDREN OF DECEASED SISTER WHEN DO NOT INHERIT.—Under section 1386 of the Civil Code, when a person dies intestate leaving surviving her husband, but leaving no issue, and no surviving father or mother, brother or sister, the whole estate goes to the surviving husband. Under such circumstances, the children or grandchildren of a deceased sister do not inherit.

APPEAL from a decree of the Superior Court of the city and county of San Francisco distributing the estate of a deceased person.

After the rendition of the original decree of distribution, the assignee of the surviving husband of the deceased moved the court, upon affidavits and notice, to reform the decree by striking out the names of the nephews and nieces, as distributees, and to distribute the entire residue of the estate to him. This motion was made upon the ground that the decree as entered was made through the inadvertence, mistake, and excusable

neglect of the surviving husband and his assignee. The court granted the amendment, and from the decree as amended the appeal is taken. The further facts are stated in the opinion of the court.

*James M. Seawell*, for Appellants.

The nephews and nieces of the decedent were entitled to inherit. (Civ. Code, sec. 1386, subd. 2, 1403.)

*Henry I. Kowalsky*, and *Morris C. Baum*, for respondent.

The husband inherited the entire estate. (Civ. Code, sec. 1386, subd. 5; *Estate of Linehan*, Myrick's Rep. 83.) The amendment of the decree was properly allowed. (*Estate of Langan*, 74 Cal. 353; *Carpenter* v. *Superior Court*, 75 Cal. 596.)

McFARLAND, J. — Hannah G. Ingram died intestate, and left surviving her John W. Ingram, her husband, but left no issue, and no surviving father or mother, brother or sister. There were living, however, at the time of her death certain children and grandchildren of a deceased sister, who are the appellants herein. A decree of distribution was. rendered May 10, 1888, in the court below, by which one half of the estate was distributed to the said surviving husband (or rather to his assignee Kowalsky) and the other half to the said children of the deceased sister. Afterward, upon due notice and hearing, on July 18, 1888, the decree was amended so as to distribute the whole of the estate to the said assignee of said surviving husband. From this amendment of the decree the appeal herein is taken.

It is entirely beyond doubt that the whole of the estate should have been distributed to the surviving husband. Paragraph 5 of section 1386 of the Civil Code is too clear to present any difficulty of construction whatever. It is as follows: "If the decedent leave a surviving

husband or wife, and neither issue, father, mother, brother, nor sister, the whole estate goes to the surviving husband or wife." Paragraph 2 of said section refers to the case where *there is* a surviving brother or sister, and provides that in such case, if there be *also* children of the deceased brother or sister, they shall take their parents' share by right of representation. It is vain to argue against the injustice of the rule, or to contend that in a case like the one at bar the children of a deceased sister *ought* to have a share in the estate when there is not any surviving brother or sister, as well as when there *is*. Succession to estates is purely a matter of statutory regulation, which cannot be changed by courts.

2. We think the court had power to modify the decree upon the ground stated in the motion to amend, and that the power was properly exercised.

The judgment of the court below is affirmed.

THORNTON, J., and SHARPSTEIN, J., concurred.