[Sac. No. 816.   Department Two. — March 14, 1901.]

In the Matter of the Estate of P. C. LYNCH, Deceased. MARY LYNCH, Appellant, v. JOHN LYNCH et al., Respondents.

SUCCESSION — INHERITANCE BY BROTHERS AND SISTERS OF HALF BLOOD — REPRESENTATION OF FULL BLOOD. — Under paragraph 2 of section 1386 of the Civil Code, providing that if there be no issue, and no father or mother, "one half goes in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister by right of representation," the terms "brothers and sisters" include brothers and sisters of the half blood; and where surviving brothers and sisters of the half blood are entitled to inherit thereunder, the children of deceased brothers and sisters of the full blood are also entitled to inherit by representation, though there was no surviving brother or sister of the full blood.

ID. — QUALIFICATION AS TO CHILDREN OF HALF BLOOD — CONSTRUCTION OF CODE. — The qualification made in section 1394 of the Civil Code, as to inheritance by kindred of the half blood, does not limit their right of inheritance equally with those of the whole blood in the same degree, except in the particular case of the inheritance coming to the intestate in the way therein specified. The rights of half brothers and sisters to inherit from a deceased half brother or sister are conferred upon them by section 1386 of that code, and are only limited in the particular mentioned in section 1394.

APPEAL from a decree of the Superior Court of Solano County distributing the estate of a deceased person.   A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

P. F. Dunne, for Appellant.

Louis F. Dunand, J. J. Roche, and H. H. McPike, for Respondents.

THE COURT. — The estate of P. C. Lynch, an intestate, was distributed, — to the widow, Mary Lynch, appellant here, fifteen twentieths as survivor of the community, and statutory heir at law, and the remaining five twentieths to certain collateral distributees, — to wit, two brothers and one sister, all of the

half blood, and to two sets of children, being the children of a deceased brother of the full blood, and the children of a deceased sister of the full blood. The question is, Are these collaterals entitled to take any part of the estate, as against the widow, who claims it all?

Appellant rests her title to distribution of the whole estate upon section 1386, paragraph 5, of the Civil Code, which reads: "If the decedent leave a surviving husband or wife, and neither issue, father, mother, brother, nor sister, the whole estate goes to the surviving husband or wife." Paragraph 2 of the same section provides that if the decedent leave no issue, the estate goes, one half to the surviving husband or wife, and the other half to the decedent's father and mother, in equal shares, and if either be dead, the whole of said half goes to the other; "if there be no father or mother, then one half goes in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister by right of representation." Appellant's contention is, that the half-brothers and half-sister are not entitled, because the decedent left no kindred of the whole blood in the same degree; and that the nephews or nieces cannot inherit, because the decedent left no brother or sister of the whole blood. Reliance is placed upon the decision in *Estate of Ingram*, 78 Cal. 586,[1] where it is claimed "the question was considered and settled." In that case the intestate left a surviving husband, but no issue, and no father or mother, brother or sister. There were living, however, at her death, certain children of a deceased sister, who claimed to be entitled as distributees. The court said that paragraph 5 of section 1386, *supra*, "is too clear to present any difficulty of construction whatever"; and necessarily so, for the facts exactly fitted the ι statutory provision. In the opinion it was said: "Paragraph 2 of said section refers to the case where *there is* a surviving brother or sister, and provides that in such case, if there be, *also*, children of the deceased brother or sister, they shall take their parents' share by right of representation." We do not understand the question now here as necessarily raised in the Ingram case. The language of the opinion may possibly bear the construction sought to be placed upon it, but we do not think it was intended to be so understood. The provision of the statute seems plainly

---

[1] 12 Am. St. Rep. 80, and note.

to mean as it reads, that "if there be no father or mother [which is the case here], then one half goes in equal shares to the brothers and sisters of the decedent, *and* to the children of any deceased brother or sister," etc. It does not say, nor does it mean, as is contended, that unless there are brothers and sisters of the full blood, the children of a deceased brother of the full blood cannot inherit.

It seems to us that the only possible question is, whether the section includes the brothers and sisters of the half blood. The statute makes no distinction between brothers or sisters of the half blood and those of the whole blood. The well-established rule in this country is, that where the term "brothers or sisters" is used without limitation, it includes half-brothers and half-sisters. In the case of *Oliver* v. *Sanders*, 8 Ohio St. 501, the court said: "The English common law which excluded the half blood from inheriting real estate did not do so on the ground that half-brothers of an ancestor were not his brothers, but because they were not presumptively of the blood of the first feudatory, or purchaser from whom the estate was originally derived. . . . Half-brothers of the ancestor are included in and designated by 'brothers,' wherever that term is used without limitation."

This is the rule of the civil law, and has been generally adopted in this country. (*Gardner* v. *Collins*, 3 Mason, 398; 2 Pet. 58; *Pearson* v. *Grice*, 6 La. Ann. 232; *Sheffield* v. *Lovering*, 12 Mass. 489; *Rowley* v. *Stray*, 32 Mich. 70; *Clark* v. *Sprague*, 5 Blackf. 412; *Clay* v. *Cousins*, 1 T. B. Mon. 75; *Marlow* v. *King*, 17 Tex. 177.) The law of England recognizes brothers of the whole and half blood to be of kin in the degree of brothers, although by that law kinsmen of the whole blood inherit to the exclusion of the half blood. (*Crooke* v. *Watt*, 2 Vern. 124.)

Appellant contends that her view as to the contingent element in the statutory heirship of children, as depending upon the existence of brothers and sisters of the decedent, applies particularly to the situation of kindred of the half blood; citing section 1394 of the Civil Code, which provides that "kindred of the half blood inherit equally with those of the whole blood in the same degree," unless the inheritance comes to the intestate in a way not important in the present case. But for the qualification found in section 1394,— unimportant here,— brothers and sisters of the half blood would have rights of

inheritance, under section 1386, in all respects equal with those of brothers and sisters of the whole blood, the law recognizing no distinction in their right to inherit. The rights of the half brothers and sisters of the intestate are conferred upon them by section 1386, and in fact are but limited by section 1394 in the particular not involved in this case.

The decree is affirmed.