[S. F. No. 4602. In Bank.—September 19, 1906.]

In the Matter of the Estate of FABRICIO NIGRO, Deceased.

ESTATES OF DECEASED PERSONS—SUCCESSION—SURVIVING HUSBAND—
NEPHEWS AND NIECES — FORMER LAW — RULE OF PROPERTY—DIS-
MISSAL OF APPEAL.—The decisions in *Estate of Ingram,* 78 Cal.
580, and *Estate of Carmody,* 88 Cal. 816, as to the interpretation
of the law of succession, as it stood prior to the amendment of
1905, to section 1386 of the Civil Code, have established it as a
rule of property that where there was a surviving husband or wife,

and no surviving brother or sister, the entire estate went to the surviving husband or wife, and nephews and nieces could not inherit; and an appeal, governed by the former law, taken by nephews and nieces from a decree of partial distribution .to the surviving husband is not taken by parties aggrieved, and must be dismissed.

MOTION to dismiss an appeal from a decree of the Superior Court of Alameda County making partial distribution of the estate of a deceased person. F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

Samuel M. Shortridge, and Walter H. Linforth, for Appellants.

Sullivan & Sullivan, and Theo. J. Roche, for Respondent.

HENSHAW, J.—This is a motion to dismiss an appeal from a decree of partial distribution. The deceased died intestate, leaving surviving him a widow, no father, no mother, no brother, no sister, but nieces and nephews. The nieces and nephews appeal, and the motion to dismiss is based upon the ground that, having no interest in the estate, they are not parties in interest so as to be entitled to appeal. It is conceded by the attorneys for the appellant that, if this court adheres to its decisions in *Estate of Ingram,* 78 Cal. 586, [12 Am. St. Rep. 80, 21 Pac. 435], and *Estate of Carmody,* 88 Cal. 616, [26 Pac. 373], the appellants in this case have no standing, and the appeal should be dismissed. The conclusion that, under subdivisions 2 and 5 of section 1386 of the Civil Code, as they stood before the amendment of 1905, nephews and nieces, where there was no surviving brother or sister, did not succeed to any portion of the estate of deceased, was reached first in Department in the Ingram case, and afterward the decision in the Ingram case was advisedly adopted by this court in Bank. Such interpretation of the law has, therefore, become a rule of property which should be and is hereby adhered to.

The appeal is therefore dismissed.

Shaw, J., Beatty, C. J., Angellotti, J., Sloss, J., Lorigan, J., and McFarland, J., concurred.