SAMUEL HADFIELD *vs.* ARTHUR CUSHING.

MAY 22, 1913.

PRESENT: Johnson, C. J., Parkhurst, Sweetland, Vincent, and Baker, JJ.

*(1) Probate Law. Appeals. "Persons Aggrieved."*

In a petition for the appointment of a guardian of a person of full age, an expectant heir of the ward is not a person aggrieved by the decree so as to entitle her to appeal therefrom.

*(2)  Probate Law.  Appeal and Error.  "Persons Aggrieved."*

After a decree appointing a guardian of a person of full age, an appeal was taken and dismissed on its merits in the Superior Court and appellant filed a bill of exceptions and appellee filed a motion to dismiss the bill on the ground that it appeared that appellant was not a person aggrieved under the provisions of Gen. Laws, 1909, cap. 311, § 1.

In the Superior Court appellee while urging upon the court the fact that appellant had no standing as an aggrieved person did not formally move to dismiss the appeal on that ground:

*Held*, that there was no waiver or estoppel on the part of appellee preventing the pressing of the motion to dismiss in this court:

*Held*, further, that appellant not being within the class entitled by statute to appeal, and the motion having been filed within the proper time, the exceptions would be dismissed.

PROBATE APPEAL.  Heard on motion of appellee to dismiss appellant's bill of exceptions and granted.

BAKER, J.  On the 26th of August, 1912, the court of probate of the town of East Providence appointed Arthur Cushing, of North Providence, guardian of the estate in Rhode Island of George W. Hall, a person of full age and a resident of the town of Westport, in the Commonwealth of Massachusetts.

The petition was presented by said Arthur Cushing as friend of said George W. Hall, who joined in the petition and who, as shown by the record, was present at the hearing, was sworn, and assented to the appointment.  The decree of the court of probate shows that Hall was adjudged to be a person lacking in discretion in managing his estate and likely to bring himself or family to want or suffering and to render himself or family chargeable.  Mr. Cushing duly qualified as such guardian by giving the bond required by the court of probate.  Under date of September 27th, 1912, Samuel Hadfield of Fall River, in said commonwealth, representing himself to be the duly appointed guardian of Rita Fanning, the granddaughter and sole heir at law of said George W. Hall, and claiming in his said capacity as said guardian to be aggrieved by the decree of said court of probate appointing said Arthur Cushing

guardian as aforesaid, in his capacity as guardian as aforesaid, claimed an appeal to the Superior Court and in due time filed his reasons of appeal in the Superior Court as follows, namely: "1st. That said probate court was without jurisdiction or authority to act on said petition of Arthur Cushing. 2nd. That there was no proper service of notice of said petition. 3d. That in view of the circumstances of this case said Cushing was not a suitable and proper person to be appointed guardian of said Hall." The case was heard by the Presiding Justice, sitting without a jury, December 9, 1912. It appears from the transcript of argument of counsel on file in the case that the counsel for the appellee, while making no formal motion to dismiss, brought to the attention of the court the fact that the appellant was not a person aggrieved under the statute authorizing appeals in such cases. The court, however, declined to act on that suggestion and deciding the case on its merits dismissed the appeal. To the action of the Presiding Justice appellant excepted and has brought his bill of exceptions to this court.

Under date of January 27, 1913, the appellee filed in this court a motion to dismiss the appellant's bill of exceptions on the grounds that it appears by the record that said Samuel Hadfield is not a person aggrieved under the provisions of Section 1 of Chapter 311 of the General Laws, by the decree of the probate court of East Providence appointing said appellee guardian in Rhode Island of the estate of said George W. Hall, and that it appears by said bill of exceptions that said appellant had no interest in the appointment of said appellee as said guardian.

(1) The case has been heard on said motion to dismiss the bill of exceptions. There is no evidence or suggestion even to show that the appellant is aggrieved personally by the decree in question. Indeed, he makes no such claim, but alleges himself to be aggrieved by said decree only in his capacity as guardian of Rita Fanning.

Passing the technical question as to whether the appeal has been properly taken in his own name instead of hers and treating the appeal as if taken by her, it is to be regarded as the well settled law of this State that as an expectant heir of her grandfather, now living, said Rita Fanning is not aggrieved by the decree of the probate court in question so as to entitle her to appeal therefrom. See *Hamilton* v. *Court of Probate*, 9 R. I. 204; *Gannon* v. *Doyle*, 16 R. I. 726; *Tillinghast* v. *Brown University*, 24 R. I. 179, and *McKenna* v. *McKenna*, 29 R. I. 227. See, also, *Nimblet* v. *Chaffee*, 24 Vt. 628, and *Deering* v. *Adams*, 34 Me. 41.

The appellant, however, claims that the motion to dismiss comes too late and that the hearing of the appeal on its merits waived all defects as to parties and to persons. He cites a number of cases in support of his claim. Not many of the cases cited by him are pertinent. *Cannon* v. *McEnanly*, 21 R. I. 60, does not involve the right of the appellant to appeal, but whether the reasons of appeal had been filed in time. The motion to dismiss in that case was made after three jury trials, the last of which was in favor of the appellant. The court held the appellees to be estopped from taking advantage of any defect in the pleadings, unless such defect be jurisdictional. *In re Robinson*, 106 Cal. 493, a case arising under the California Civil Code, the court held that the right of the parties to ask for a revocation of the probate of a will was not involved upon the appeal. The Superior Court had recognized their right by hearing their petition and rendering judgment thereon to which action no exception was taken by the respondents in the court below.

*Trinity Church* v. *Hall*, 22 Conn. 125, seems to lend support to appellant's claim, although it implies the existence of a form of pleading and procedure quite different from the practically entire absence of pleading prescribed in our statute for an appellee in probate appeals. However, it will not be followed as a precedent because it is not consistent with the action of this court in the recent case of *McKenna* v.

*McKenna, supra.* That was a probate appeal from the dismissal of a petition for the appointment of a guardian. In the Superior Court a motion to dismiss the appeal on the ground that the appellant was not aggrieved was denied and exception taken. There was a jury trial in the case. Before the trial appellee renewed her motion to dismiss which was again denied and exception again taken. At the close of appellant's testimony verdict was rendered by direction of the court for the appellee. The appellant excepted and brought his bill of exceptions to this court. The appellee did not come here on her exceptions, but filed a motion in this court to dismiss the appellant's bill of exceptions. That case therefore was before this court in the same position as the present one, namely, on the appellant's bill of exceptions to the dismissal of the appeal on its merits, except that the record in the former case disclosed motions to dismiss in the Superior Court, while this case simply shows that the appellee urged upon the Superior Court that the appellant had no standing as an aggrieved person though no formal motion to dismiss was made. Each case was heard on its merits in the lower court and dismissed. If the question of waiver or estoppel is considered important it seems fair to conclude that there has been in this case no waiver or estoppel, although no motion to dismiss was made in the Superior Court.

In the opinion in the case of *McKenna* v. *McKenna,* there is no reference to the questions of waiver or estoppel, but the court undoubtedly considered the case on the motion to dismiss the bill of exceptions on the broad ground of the right of the appellant to present the case here. On page 226 the court says: "This question of the right of the petitioner to appeal lies at the threshold of the cause. If the petitioner had no right to appeal from the decree of the probate court he has no right to complain of the rulings of the Superior Court, and no right to bring the case here on exceptions."

In that case the motion to dismiss was granted and the case was remitted to the Superior Court, with direction to enter a decree dismissing the appeal for want of jurisdiction. Obviously the term jurisdiction is there used with the meaning that this court had no jurisdiction of the appeal because Sec. 796, C. P. A., now Section 1 of Chapter 311 of the General Laws, gives the right of appeal only to a limited class defined by the word "aggrieved" to which class the petitioner and appellant in that case did not belong, but was before the court merely as an intruder or interloper, without the interest in the proceeding required by said Section 1. The appellant in this case is in a like situation.

We are of the opinion that the motion to dismiss the bill of exceptions was made within proper time. The motion is granted and the appellant's bill of exceptions is dismissed. The case is remitted to the Superior Court, with direction to enter a decree dismissing the appeal for want of jurisdiction.

*William J. Brown,* for appellant.
*Benjamin W. Grim,* for appellee.