[S. F. No. 7549. Department One.—April 11, 1916.]

In the Matter of the Estate of ELLEN NIGRO, Deceased; CHARLES O. BUTLER et al., Appellants; JOSEPH F. BUTLER et al., Respondents.

ESTATE OF DECEASED PERSON—INTESTACY—SUCCESSION UNDER SUBDIVISION 3, SECTION 1386, CIVIL CODE—SURVIVAL OF BROTHER OR SISTER ESSENTIAL.—Subdivision 3 of section 1386 of the Civil Code, as amended in 1907, providing that the estate of an intestate who leaves surviving neither issue, husband, wife, father, nor mother, is succeeded to and must be distributed "in equal shares to the brothers and sisters of decedent and to the children or grandchildren of any deceased brother or sister, by right of representation," does not

entitle the children or grandchildren of a deceased brother or sister to inherit from the ancestor, unless a brother or sister of the ancestor has survived him.

ID.—SUCCESSION UNDER SUBDIVISION 5, SECTION 1386, CIVIL CODE—NEXT OF KIN IN EQUAL DEGREE HOW DETERMINED.—Under subdivision 5 of that section, where the intestate leaves neither issue, husband, wife, father, mother, brother nor sister, the estate goes to the next of kin, "in equal degree." The meaning of the term "in equal degree," is determined by the definitions of the degrees of kindred embodied in sections 1389, 1390, and 1393 of that code.

ID.—SUCCESSION BY NEPHEWS AND NIECES—EXCLUSION OF GRANDNEPHEWS AND GRANDNIECES.—Under that subdivision, where the intestate leaves none of such persons surviving, and leaves nephews and nieces, the children of deceased brothers and sisters, and grandnephews and grandnieces, the children of deceased nephews and nieces, the only persons in equal degree who can inherit are the surviving nephews and nieces. The grandnephews and grandnieces are excluded.

ID.—NEXT OF KIN IN EQUAL DEGREE TAKE PER CAPITA.—Under subdivision 5 of that section, the descent to the next of kin in equal degree is, in all cases, *per capita* and not by right of representation.

APPEAL from a decree of the Superior Court of Alameda County, distributing the estate of a deceased person. William S. Wells, Judge.

The facts are stated in the opinion of the court.

William P. Hubbard, for Appellants Charles O. Butler et al.

Knight & Heggerty, and William M. Madden, for Appellant Rose Croghan Johnson.

Harry F. Sullivan, and Sullivan & Sullivan and Theo. J. Roche, for Respondents.

SHAW, J.—Two appeals are here presented, each involving the determination of the right of inheritance, under section 1386 of the Civil Code, to certain portions of the estate of Ellen Nigro, deceased, not disposed of by her will. The appeals, respectively, are from parts of the decree of distribution of said estate.

Ellen Nigro, left surviving at her death neither issue, husband, father, mother, brother nor sister. She was the sur-

vivor of a family of four children, consisting of herself, Ann Butler, Margaret Gordon, and Michael Croghan.

At the time of her death the following descendants of her sisters and brother were living: Joseph F. Butler, a son, and Charles O. Butler, Joseph Butler, and Charlotte Skinner, children of Thomas D. Butler, a deceased son of Ann Butler; eight children of Margaret Gordon, their names being unimportant to our discussion; Rose Croghan Johnson, a daughter of Michael Croghan, and the children of Margaret Croghan Hall, a deceased daughter of Michael Croghan, to wit, Minnie Batinich, Edna Morfield, Madeline Meyer, Ethel Hall, and Benjamin Hall.

The court below held that the only persons entitled to inherit were the living children of the deceased sisters and brother, and that the children of deceased children, that is, the grandchildren of said sisters and brother, took nothing. Accordingly it distributed the property in equal shares, one-tenth each, to Joseph F. Butler, Rose Croghan Johnson, and the eight living children of Margaret Gordon. The persons omitted were Charles O. Butler, Joseph Butler, and Charlotte Skinner, children of Thomas D. Butler, son of Ann Butler, and the aforesaid children of Margaret Croghan Hall, who was a daughter of Michael Croghan.

Charles O. Butler and three of the above-named grandchildren of Michael Croghan, deceased, appeal from the decree on the ground that the court erred in excluding the grandchildren of the deceased brother and sister from a share in the estate.

Rose Croghan Johnson appeals on the ground that there was error in giving the estate to the surviving nephews and nieces in equal shares, one-tenth to each, and that it should have been distributed by right of representation, one-third to Joseph F. Butler, as the only surviving child of Ann Butler, one-third to the eight children of Margaret Gordon, and one-third to herself as the only surviving child of Michael Croghan.

1. The appellants first contend that the right of inheritance is governed by the provisions of subdivision 3 of said section 1386, which reads as follows:

"3. If there is neither issue, husband, wife, father, nor mother then in equal shares to the brothers and sisters of

decedent and to the children or grandchildren of any deceased brother or sister, by right of representation."

Under the rule established in this state, this section does not entitle the children or grandchildren of a deceased brother or sister to inherit from the ancestor, unless a brother or sister of the ancestor has survived him. Subdivision 3, in this particular, is not to be distinguished from that part of subdivision 2, as it read in 1888 (Amd. Codes 1880, p. 14), which declares that "if there be no father or mother, then one-half goes in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister by right of representation," referring to the case of a decedent who leaves a husband or wife, but no father or mother surviving. This language was under consideration in *Estate of Ingram*, 78 Cal. 586, [12 Am. St. Rep. 80, 21 Pac. 435]. It was there held that the children of a deceased sister of the ancestor could not inherit under that section, because the ancestor left no brother or sister surviving. The court said: "Paragraph 2 of said section refers to the case where *there is* a surviving brother or sister, and provides that in such case if there be *also* children of the deceased brother or sister, they shall take their parents' share by right of representation. It is vain to argue against the injustice of the rule, or to contend that in a case like the one at bar the children of a deceased sister *ought* to have a share in the estate when there is not any surviving brother or sister, as well as when there *is*. Succession to estates is purely a matter of statutory regulation, which cannot be changed by courts." (See, also, *Estate of Lynch*, 132 Cal. 214, [64 Pac. 284]; *Estate of Nigro*, 149 Cal. 703, [87 Pac. 384].) In the case at bar there was no brother or sister of Ellen Nigro surviving at her death. Consequently, under the rule of interpretation fixed in the Ingram case, subdivision 3 does not govern the right of inheritance from her or give such right to the children or grandchildren of the deceased brother and sisters.

The descent involved in the Ingram case occurred prior to the amendment in 1907 of section 1386. The only change in subdivision 2, by the amendment, was the insertion of the words "or grandchildren," so that thereafter the grandchildren, as well as the children, of a deceased brother or sister would inherit, if the ancestor also left a surviving

brother or sister. By the same amendment an identical change was made in subdivision 3, apparently for the same purpose. These amendments obviously have no bearing whatever on the rule of interpretation here involved. They do not change the effect of the section as applied to the facts of this case.

The rights of the parties here are governed by subdivision 5 of said section. That subdivision is as follows:

"5. If the decedent leaves neither issue, husband, wife, father, mother, brother, nor sister, the estate must go to the next of kin, in equal degree, excepting that, when there are two or more collateral kindred, in equal degree, but claiming through different ancestors, those who claim through the nearest ancestor must be preferred to those claiming through an ancestor more remote."

This subdivision applies, as its language shows, to cases where the decedent leaves neither issue, husband, wife, father, mother, brother, nor sister surviving. This is the condition here presented. The question for determination is what is the meaning of the words "the estate must go to the next of kin in equal degree," as used in this section. "The degree of kindred is established by the number of generations, and each generation is called a degree." (Civ. Code, sec. 1389.) The series of degrees form the line, and the series between persons who do not descend from one another, but spring from a common ancestor, as in case of brothers and sisters, constitute collateral kindred. (Civ. Code, sec. 1390.) "In the collateral line the degrees are counted by generations, from one of the relations up to the common ancestor, and from the common ancestor to the other relations. . . . Thus, brothers are related in the second degree; uncle and nephew in the third degree; cousins german in the fourth, and so on." (Civ. Code, sec. 1393.) These definitions control the meaning of the words "in equal degree" in subdivision 5. Under its terms, therefore, the only persons in equal degree of kindred to Ellen Nigro who could inherit from her, were the surviving children of the deceased brother and sisters. The grandchildren of such deceased brother and sisters were not in equal degree with such surviving children. It necessarily follows that the grandnephews and grandnieces of Ellen Nigro took no part of her estate. The observations quoted from the *Es-*

*tate of Ingram,* 78 Cal. 586, [12 Am. St. Rep. 80, 21 Pac. 435], apply with equal force to any claim that subdivision 5 is unjust in this respect. The legislature has determined the question.

2. On behalf of the appellant Rose Croghan Johnson it is contended that the descent to the next of kin in equal degree is by right of representation and not *per capita* and, consequently, that the decree is erroneous in giving her, as the only living child of the brother, Michael Croghan, one-tenth of the estate instead of one-third thereof, and in giving one-tenth to each of the eight children of Margaret Gordon, instead of one-third to them all. It will be observed that subdivision 5 is silent on the question whether the descent there provided is to be *per capita,* or by right of representation. We are of the opinion that, when the language of the entire section is considered, the conclusion is inevitable that the legislature intended that the descent in such cases should be *per capita* and not by right of representation. In the other subdivisions of the section, in cases where the legislature deemed it proper, it carefully provided that descent should be according to representation and not *per capita.* Thus, in subdivision 1, the statement is made repeatedly that grandchildren take by right of representation and not *per capita,* and that only where the descendants are all in the same degree do they share equally. By subdivision 2 the children or grandchildren of deceased brothers or sisters are to take by right of representation. In subdivision 3 the same provision is made. In subdivision 6, like provision is made with regard to the inheritance from a surviving child, who dies under age, by the issue of other children of the ancestor. In subdivision 7 again provision is made that if issue are in the same degree, they share equally, but if not, by right of representation. So, also, in subdivision 8. The only reasonable conclusion from this omission of any similar provision or declaration on the subject in subdivision 5 is that the legislature intended that the inheritance should go to the next of kin in equal degree, *per capita* and not by right of representation.

The said appellant relies on the common-law rule that collateral kindred of the degree of nephews and nieces take by representation, and only those of remoter degree, as

grandnephews and grandnieces, if they take at all, take *per capita.* (Woerner on Descendants' Estates, sec. 69; *Carter* v. *Crawley,* T. Raym. 496, [83 Eng. Reprint, 259].) She argues that as the common law is made the rule of decision in this state, so far as it is consistent with our statutes (Pol. Code, sec. 4468), it determines the right of the next of kin in equal degree, under subdivision 5, to take by representation, since that subdivision does not declare that they shall take *per capita.* Subdivision 5 applies to all next of kin of equal degree, however remote, and without distinction, in respect of this question. It is not probable that the legislature would designedly have left this matter to be governed by the common-law rule limiting descent by right of representation to nephews and nieces and denying it to remoter kin, without saying anything on the subject, when it was so careful to cover the subject in each of the other subdivisions. As no distinction is declared, it is to be inferred that all next of kin were to be governed by the same rule. If we are right in our conclusion that this subdivision, in connection with the others, must be understood to provide that the descent thereunder is *per capita,* then the common-law rule cannot prevail. It must yield to the implied meanings of the statute, as well as to its express declarations.

The decree of distribution is affirmed.

Sloss, J., and Lawlor, J., concurred.

Hearing in Bank denied.