[No. 2375]

## In the Matter of the ESTATE OF STEWART McKAY, Deceased.

[184 Pac. 305]

1. Appeal and Error—Determination of Right to Appeal before Hearing on Merits.

Ordinarily questions not pertaining to the regularity and efficacy of an appeal, but affecting its merit, should not be determined on motion to dismiss; but a party's right to be heard on the merits is statutory, depending entirely on whether he or she is within the general class designated by the statute, and the question should be determined in advance of hearing on the merits.

2. Descent and Distribution—Grandniece Excluded from Inheritance by Nephews and Nieces.

Stats. 1897, c. 106, regulating descent, as amended by Stats. 1915, c. 130, sec. 259, providing as to nephews and nieces in the third degree of kinship, excludes a grandniece from any inheritance, so that such grandniece was not an "heir" of testatrix, and section 272, defining the right of representation, does not bear on the former section, except as a statutory rule of interpretation.

3. Constitutional Law—Policy of Law Matter for Legislature.

The policy or expediency of a law is within the exclusive domain of legislative action, and is a forbidden sphere for the judiciary.

APPEAL from Second Judicial District Court, Washoe County; *George A. Bartlett*, Judge.

In the Matter of the Estate of Stewart McKay. Petition for distribution by James A. Fraser and others, executors, was opposed by Bertha Laughton, and from an adverse judgment she appeals. **Appeal dismissed. Rehearing denied.**

*H. V. Morehouse* and *Percy & Smith*, for Appellant:

Cases may be found where the court has properly held that an appeal may be dismissed on motion when the appellant is not a party aggrieved, but those are cases in which the record on appeal does not make the very point, as one of the questions raised by the appeal, and material to the appeal itself. The lower court on demurrer declared appellant not a party to the proceeding, because not interested in the estate of the decedent. From that ruling she appeals; and being a party in the

lower court against whom the ruling was made, she has by law the right to test that very ruling in this court. Whether or not she was a party aggrieved was the very point passed upon by the lower court, and it becomes one of the material questions for this court on appeal. "The question is one going to the merits of the controversy, and not involving the regularity and efficiency of the appeal from the circuit court." In Re Mendenhall's Will, 72 Pac. 318. The appeal has been duly perfected, all technical matters have been duly compiled with, and the appeal is regularly and properly before this court. "Questions, therefore, which affect the merits will not be considered by the appellate court on such motion, as they are grounds for reversal or affirmance of the judgment." 2 Pl. & Pr. 346; Barnhart v. Fulkerth, 28 Pac. 221; Oregon Timber v. Seton, 111 Pac. 376; Hayne, New Trial & Appeal, sec. 272.

Appellant is entitled to share with respondents in the distribution of the estate, not as an heir of decedent, but by "right of representation," as heir of her deceased mother, who was sister of the respondents. Rev. Laws, 5857, 6116, 6129. "Courts must give effect to all the provisions of a statute relative to one subject-matter, though found in different sections." Hoffman v. Lewis, 87 Pac. 167; Trapp v. Wells Fargo & Co., 97 Pac. 1003; Lawson v. Tripp, 95 Pac. 520; Dutro v. Cudd, 91 Pac. 460; Norcker v. Norcker, 71 Pac. 816; City of Denver v. Campbell, 80 Pac. 142; Harrington v. Smith, 28 Wis. 59; Cooley, Const. Lim. 58; Cory v. Carter, 48 Ind. 327; Cleveland v. Bockus, 33 N. E. 421. "No part of a statute should be rendered nugatory." Torreyson v. Board, 7 Nev. 19.

*Fred C. Peterson, C. F. McGlashan,* and *Hennessy & Peterson,* for Respondents:

Motion to dismiss is the proper remedy. Appellant is not an heir at law of decedent, and therefore not interested in the settlement of the final account and distribution of the estate. She is not a party aggrieved by the decree of the district court, and therefore cannot be

heard on this appeal. Motion to dismiss appeal should be granted. Rev. Laws, 5327; C. C. P. Cal., sec. 938; In Re Antoldi Estate, 81 Pac. 278. "The objection that one who has appealed has not right to appeal because not aggrieved by the decision may, in some jurisdictions, be taken by motion to dismiss the appeal." Smith v. Stillwell, 80 Pac. 333; Deiter v. Kiser, 162 Cal. 315; Hadfield v. Cushing, 35 R. I. 306; Amory v. Amory, 26 Wis. 157.

"The estate shall go to the next of kin in equal degrees." Rev. Laws, 6116. "The degrees of kindred shall be computed according to the rules of the civil law * * *." Rev. Laws, 6119.

"Representation in America was never presumed, but was applied only where the statute affirmatively provided therefor." Knapp v. Windsor, 6 Cush. 156. "Next of kin of equal degree" excludes a grandniece. Conradt v. Kent, 130 Mass. 287; Douglas v. Cameron, 47 Neb. 358; Van Cleve v. Van Fossen, 73 Mich. 342; Schenck v. Vail, 24 N. J. Eq. 538; Quinby v. Higgins, 14 Me. 309; In Re Ellen Nigro, 172 Cal. 474.

By the Court, Ducker, J.:

The appellant, Bertha Laughton, is a grandniece of the deceased, Stewart McKay, and claims that he died intestate as to certain lands located in Washoe County, Nevada.

Stewart McKay died in the State of California on the 3d day of February, 1917, and left no wife, or issue, or father, or mother, or brother, or sister surviving him. His nearest of kin are James A. Fraser, Addie Fraser Gunnarson, Tillie Fraser, and Jessie Fraser, surviving children of a deceased sister. The appellant's mother, Hughena Sapp, was a sister of said children, and died prior to the death of Stewart McKay.

The deceased, Stewart McKay, was possessed of certain property in California and lands situated in Nevada at the time of his death. He left a will in which said James A. Fraser, Addie Fraser Gunnarson, and Tillie

Fraser, were named executor and executrices of said estate.

The administration of said estate in the Second district court of Washoe County, Nevada, is ancillary to the probate of said will in the State of California. The said executor and executrices filed a petition for distribution in the Second judicial district court, to which appellant filed her objections, and a petition praying that it be adjudged and decreed by the court that the said Stewart McKay died intestate as to said real property, and that she be decreed to be an heir of said decedent by representation through her deceased mother, Hughena Sapp, and entitled to an undivided one-fifth interest in said real estate. A demurrer to her petition was filed by the executor and executrices, which was sustained by the court, and her petition denied. It was further ordered and adjudged that the said Stewart McKay, deceased, died testate as to the real property involved herein, situate in the county of Washoe, State of Nevada. Hence this appeal.

The respondent heirs, the nephew and nieces of Stewart McKay, deceased, moved to dismiss the appeal, on the ground that appellant is not an heir at law and is therefore not a person entitled to appeal, under section 5327 of the Revised Laws of Nevada. This section provides that "any party aggrieved may appeal in the cases prescribed in this title." If appellant is not an heir at law of the deceased, Stewart McKay, she is not a party aggrieved by the ruling of the court below, and not authorized to appeal.

1. Ordinarily questions which do not pertain to the regularity and efficacy of an appeal, but affect its merit, ought not to be determined on a motion to dismiss the appeal. But a party's right to be heard upon the merits of an appeal is a statutory right, which depends entirely upon whether such party is within the general class designated by the statute. It is obviously a preliminary question, which should be determined in advance of a hearing on the merits and at the earliest opportunity.

In Amory v. Amory, 26 Wis. 157, under a statute providing that "any person aggrieved by any order, sentence, judgment or denial of a judge of the county court, may appeal therefrom to the circuit court for the same county," the court said:

"The question whether the party appealing in any case is a 'person thus designated by the statute, and to whom the right of appeal is given, is essentially a preliminary one. The objection being raised that the appellant is not such person, but a stranger to the order or sentence appealed from; it is clearly in the nature of matter in abatement, which, like any other, should be brought forward before further steps are taken, though not waived, perhaps, if not so brought forward. If sustained, it goes to show that the party appealing, or attempting to do so, cannot prosecute that appeal, nor any other, and that the merits of the order or sentence appealed from should never be tried at his instance or suggestion. It follows, therefore, that his appeal should be dismissed, and that, too, at the earliest possible moment when the fact can be judicially ascertained. The reason and propriety of this rule or mode of proceeding are obvious to require comment or explanation."

The appellant in the case, supra, claimed to be the widow of the testator, James Amory, and had attempted to contest the probate of the will.

So in Hadfield v. Cushing, 35 R. I. 306, 86 Atl. 897, it was held, on a motion to dismiss an appeal, that an expectant heir of a grandfather then living was not aggrieved by a decree of the probate court appointing a guardian for such grandparent, so as to entitle her to appeal therefrom. The motion to dismiss the appeal in the preceding case was made under a statute of the State of Rhode Island which provides:

"Any person aggrieved by an order or decree of a court of probate may, unless provision be made to the contrary, appeal therefrom to the superior court for the county in which such probate court is established," etc.

Appellant herein expresses a willingness that the

question of her heirship be determined on the motion, if it can be done, but questions the right of this court to decide it in this manner, for the reason that her heirship was the very point passed upon by the court below, and thus becomes a material question for this court to decide upon appeal. Her counsel cite In Re Mendenhall's Will, 43 Or. 542, 72 Pac. 318, 73 Pac. 1033, Barnhart v. Fulkerth, 92 Cal. 155, 28 Pac. 221, Oregon Timber and Cruising Co. v. Seton et al., 59 Or. 64, 111 Pac. 376, 115 Pac. 1121, and Hayne, New Trial & App. (Rev. Ed.) sec. 272, and 2 Pl. & Prac. 346, in support of her contention. These authorities sustain the general rule that on a motion to dismiss an appeal the court will not consider the merits of the controversy. In none of these, and in no other cases, so far as we have been able to ascertain, was the question decided, under a statute similar to ours, that where the point on appeal involved the right of appeal it could not be determined on a motion to dismiss.

2. On the motion before us we are confronted with the query: Was the appeal properly taken? If in solving this question it appears that the appellant is not a party aggrieved, the appeal must be dismissed.

Assuming, for the purpose of this decision, that Stewart McKay died intestate as to the real estate in question, the estate is cast into the fourth subdivision of section 259 of the act to regulate the settlement of estates of deceased persons (Stats. 1897, c. 106), as amended in 1915 (Stats. 1915, c. 130), for the intestate left no issue, nor wife, nor father, nor mother, and no brother or sister living at his death. But, as our decision must rest upon a construction of the entire section, we will set it forth. The section reads:

"SEC. 259. When any person having title to any estate, not otherwise limited by marriage contract, shall die intestate as to such estate, it shall descend and be distributed subject to the payment of his or her debts, in the following manner:

"First—If there be a surviving husband or wife, and

only one child, or the lawful issue of one child, one-half to the surviving husband or wife, and one-half to such child or issue of such child. If there be a surviving husband or wife and more than one child living, or one child living and the lawful issue of one or more deceased children, one-third to the surviving husband or wife, and the remainder in equal shares to his or her children, and to the lawful issue of any deceased child by right of representation. If there be no child of the intestate living at his or her death, the remainder shall go to all of his or her lineal descendants, and if all of the said descendants are in the same degree of kindred to the intestate, they shall share equally, otherwise they shall take according to the right of representation.

"Second—If he or she shall leave no issue, the estate shall go, one-half to the surviving husband or wife, one-fourth to the intestate's father and one-fourth to the intestate's mother, if both are living; if not, one-half to either the father or mother then living. If he or she shall have no issue, nor father, nor mother, the whole community property of the intestate shall go to the surviving husband or wife, and one-half of the separate property of the intestate shall go to the surviving husband or wife, and the other half thereof shall go in equal shares to the brothers and sisters of the intestate, and to the children of any deceased brother or sister by right or representation. If he or she shall leave no issue, or husband, or wife, the estate shall go, one-half to the intestate's father and one-half to the intestate's mother, if both are living; if not, the whole estate shall go to either the father or mother then living. If he or she shall leave no issue, father, mother, brother, or sister, or children of any issue, brother or sister, all of the property * * * shall go to the surviving husband or wife.

"Third—If there be no issue, nor husband, or wife, nor father, nor mother, then in equal shares to the brothers and sisters of the intestate, and to the

children of any deceased brother or sister by right of representation.

"Fourth—If the intestate shall leave no issue, nor husband, nor wife, nor father, nor mother, and no brother or sister living at his or her death, the estate shall go to the next of kin in equal degree, excepting that when there are two or more collateral kindred in equal degree, but claiming through different ancestors, those who claim through the nearest ancestors shall be preferred to those who claim through ancestors more remote; provided, however, if any person shall die leaving several children, or leaving one child and issue of one or more children, and any such surviving child shall die under age and not having been married, all of the estate that came to such deceased parent shall descend in equal shares to the other children of the same parent, and to the issue of any such other children who may have died, by right of representation.

"Fifth—If at the death of such child, who shall die under age and not having been married, all the other children of this said parent being also dead, and any of them shall have left issue, the estate that came to such child by inheritance from his or her said parent shall descend to all the issue of the other children of the same parent, and if all the said issue are in the same degree of kindred to said child they shall share the said estate equally; otherwise they shall take according to the right of representation.

"Sixth—If there be no surviving husband, or wife, or kindred, except a child or children, the estate shall, if there be only one child, all go to that child; and if there be more than one child, the estate shall descend and be distributed to all the intestate's children, share and share alike.

"Seventh—If there be no surviving husband, or wife, or kindred, except a child or children and the lawful issue of a child or children, the estate shall descend and be distributed to such child or children and lawful issue

of such child or children by right of representation, as
follows: To such child or children each a child's part,
and to the lawful issue of each deceased child, by right
of representation, the same part and proportion that its
parent would have received in case such parent had been
living at the time of the intestate's death; that is, the
lawful issue of any deceased child shall receive the part
and proportion that its parent would have received had
such parent been living at the time of the intestate's
death.

"Eighth—If there be no surviving husband, or wife,
or kindred, except the lawful issue of a child or children,
all of the estate shall descend and be distributed to the
lawful issue of such child or children by right of repre-
sentation, and this rule shall apply to the lawful issue of
all such children and to their lawful issue ad infinitum.

"Ninth—If the intestate shall leave no husband, nor
wife, nor kindred, the estate shall escheat to the state for
the support of the common schools."

Computing their degrees of kinship to the intestate
according to the rules of the civil law, the nephew and
nieces, James A. Fraser, Addie Fraser Gunnarson, Tillie
Fraser, and Jessie Fraser are in the third degree, and the
the grandniece, Bertha Laughton, in the fourth degree.
It is thus seen that the nephew and nieces are in the
class designated by the first part of the fourth subdivi-
sion of the section, as "next of kin in equal degree," and
must inherit to the exclusion of the grandniece, unless
the proviso in this subdivision providing for representa-
tion shows a contrary legislative intent in this kind of
a case. It is purely a question of statutory construction.

The first inquiry is as to the scope of the proviso.
Does it limit the fourth subdivision of the section alone,
or has it a wider application?

"The natural and appropriate office of the proviso
being to restrain or qualify some preceding matter, it
should be confined to what precedes it unless it clearly
appears to have been intended for some other matter. It
is to be construed in connection with the section of which

it forms a part, and is substantially an exception. If it be a proviso to a particular section, it does not apply to others unless plainly intended. It should be construed with reference to the immediately preceding parts of the clause to which it is attached." Sutherland on Statutory Construction, 296.

The preceding quotation states the general rule and its exception. We think the proviso in this case falls within the exception to the general rule stated. It will be observed that the proviso is confined to an estate of inheritance descending from a deceased parent to a child who subsequently dies under age and not having been married.

It deals exclusively with this single source of title, while the other subdivisions provide for the descent of the property of the intestate, however the title may have been acquired. The words in the proviso, "all the estate that came to such deceased parent," plainly mean an inheritance which, under the conditions named, descends to the deceased minor's brothers and sisters, or their issue, as the case may be.

It is thus seen that the proviso announces an exception to the general scheme of descent embraced in the section; and so construing it in this light it clearly appears that it was not intended to qualify or limit the preceding parts of the clause or section only, but to operate, under the given circumstances, independently, and to each subdivision of the section.

"The proviso may qualify the whole or any part of the act, or it may stand as an independent proposition or rule, if such is clearly seen to be the meaning of the legislature as disclosed by an examination of the entire enactment." Black on Interpretation of Laws, 273.

In United States v. Babbit, 1 Black, 55, 17 L. Ed. 94, the question was as to the fees a register of a land office was entitled to receive, and turned on the scope of the proviso. The court said:

"We are of opinion that the proviso referred to is not limited in its effect to the section where it is found, but

that it was affirmed by Congress as an independent proposition, and applies alike to all officers of this class."

These latter authorities illustrate the exception to the general rule governing the construction and effect of a proviso. We are of the opinion that the term "next of kin in equal degree," in the fourth subdivision, excludes from the inheritance all kindred not in that degree of kinship to the intestate. This is the established law in all jurisdicitions where the statute of descent is the same or substantially the same as the statute under consideration. Douglas et al. v. Cameron et al., 47 Neb. 358, 66 N. W. 430; Conant v. Kent, 130 Mass. 178; Van Cleve v. Van Fossen, 73 Mich. 342, 41 N. W. 258; Estate of Nigro, 172 Cal. 474, 156 Pac. 1019; Schenck v. Vail, 24 N. J. Eq. 538.

The reasons for the rule are stated in Douglas v. Cameron, supra. The subdivision of the statute construed is identical with the fourth subdivision of our statute, and the matter corresponding to the proviso is more distinctly set forth in a separate subdivision of the Nebraska statute. One of the questions decided was that the grandchildren of a deceased sister did not inherit, when there were living nieces and nephews of the intestate. The question is the same here. The court said:

"It seems to be the policy of all the statutes at some point more or less remote to cut off representation entirely among collaterals, and where, because of unequal degrees of kinship, representation would otherwise be necessary, to defeat it by making a per capita distribution among those nearest in degree and excluding the more remote. Our law seems to reach that period where, at any point among collaterals beyond the children of brothers and sisters, the surviving kindred fall into unequal degrees. This is the construction given elsewhere to statutes resembling ours [citing cases]. Cases holding a different rule, so far as we have found any, have been under statutes which by their clear language required a different construction."

In Schenck v. Vail, supra, the New Jersey statute provided:

"When any person shall die seized of any lands," etc., "and without lawful issue, and without leaving a brother or sister of the whole or half blood, or the issue of any such brother or sister, and without leaving a father or mother capable of inheriting by this act the said lands," etc., "and shall leave several persons, all of equal degree of consanguinity to the person so seized, the said lands shall then descend and go to the said several persons of equal degree of consanguinity to the person so seized, as tenants in common, in equal parts, however remote from the person so seized the common degree of consanguinity may be."

In construing the language the court said:

"The legislative endeavor in this passage is plain. It is to designate the class of persons who are to take the land on the contingency specified. The terms used, considered intrinsically, are explicit and perfectly intelligible. Accepting them in their ordinary and natural meaning, the expression 'several persons, all of equal degree of consanguinity' to a deceased person, admits of but a single interpretation; the words, ex vi terminorum, exclude all those who do not stand in the same degree of blood, and in their usual import they utterly refuse to comprehend, in the same category, both first and second cousins."

And again is reference made to this policy of exclusion of collaterals not in equal degree:

"Such exclusion of the rule in this connection tends, I think, very decidedly in the direction of a sound policy. It harmonizes with the rule of law which circumscribes, within reasonable bounds, the right of representation in the distribution of personalty. It prevents titles to realty from becoming uncertain and intricate, by reason of the vast multiplication of owners."

The Michigan statute construed in Van Cleve et al. v. Van Fossen et al., supra, is similar to the statute under consideration here. The fifth subdivision of the Michi-

gan statute and the fourth subdivision of the Nevada statute are alike, and the sixth subdivision of the statute of the former state is substantially the same as the proviso of the Nevada statute, and is connected to said fifth subdivision by the words "Provided, however." In Van Cleve v. Van Fossen the question decided was that grandnieces did not inherit with the nieces of the intestate.

"It is plain, therefore," said the court, "that these [grandnieces] do not stand in an equal degree as next of kin to the deceased. The term 'next of kin' in the statute signifies those who stand in the nearest relationship to the intestate, according to the rules of the civil law for computing degrees of kinship. In this subdivision of the statute there are no words suggesting that any one is to take by the right of representation. But the idea is excluded by the words that the estate shall descend to his 'next of kin in equal degree.' We must so construe this statute as to give each word and sentence force and effect, and the words 'in equal degree' exclude all others than those who stand in the same degree of kinship to the intestate."

In Conant v. Kent and Estate of Nigro, supra, grandnieces and grandnephews were held to be excluded from a share of the inheritance by reason of the term in the respective statutes, "next of kin in equal degree."

There is, in fact, little room for construction. The plain language of the fourth subdivision designates a particular class of collateral kindred that shall inherit under certain conditions, and the body of the section reveals nothing to indicate that the rule in this subdivision was not intended as a rule of exclusion. Appellant is not in an equal degree of kinship with the nephew and nieces of the intestate, and by the express prohibition of the statute cannot inherit.

An estate descending to a deceased minor, who had never been married, is not involved here, and it is therefore apparent that the proviso, upon which her counsel

so much rely, cannot help appellant. She is not within the special case necessary to invoke its application.

Counsel for appellant insist that succession by right of representation is carried into the fourth subdivision by reason of section 272, which is a section of the same statute. Section 272 reads:

"Inheritance or succession 'by right of representation' takes place when the descendants of any deceased heir take the same share or right in the estate of another person that their parents would have taken if living. * * *"

This section is what it purports to be, a definition of the term "by right of representation," and is not intended as a rule of distribution. It has no bearing on section 259, except as a statutory rule of interpretation of the term wherever employed therein. This construction is apparent from the face of section 272, and the care observed by the legislature to provide for representation in the first, second, third, fifth, seventh, and eighth subdivisions of section 259, and in the special instance in the fourth subdivision, tends strongly to negative the idea of an intention to provide for it throughout the section by a separate and general provision.

3. Much has been said by counsel for appellant of the injustice of a rule that will deprive appellant of her inheritance. Even so, we cannot amend the statute. The policy, wisdom, or expediency of a law is within the exclusive theater of legislative action. It is a forbidden sphere for the judiciary, which courts cannot invade, even under pressure of constant importunity.

As appellant is not an heir at law of the intestate, and therefore not a party aggrieved by the ruling of the lower court, the appeal is dismissed.

## ON PETITION FOR REHEARING

*Per Curiam:*

Rehearing denied.