[Civ. No. 18877.   First Dist., Div. One.   May 11, 1960.]

Estate of HENRIETTA FREAR, Deceased.   FREAR BURK et al., Appellants, v. BESS WOODWARD BOGLE, as Administratrix, etc., et al., Respondents.

Harold D. Mefford and Hartwell & Nelson for Appellants.

Geary & Geary, Donald E. Geary, James W. Hickey, Chief Inheritance Tax Attorney, Charles J. Barry, Assistant Chief Inheritance Tax Attorney, and Newell C. Barnett, Associate Inheritance Tax Attorney, for Respondents.

PAULSEN, J. pro tem.*—Henrietta Frear died intestate October 6, 1958, leaving neither issue nor spouse nor brothers nor sisters.  She was the last survivor of six children of Walter and Fannie Frear.  Surviving her are nine nephews and nieces, the children of deceased brothers and sisters of decedent, as follows: Irma Wallace and Bess Woodward Bogle, daughters of decedent's sister Elizabeth; Beatrice Frear, daughter of decedent's brother Hugo; Margaret Frear and Virginia Wild, adoptive daughters of decedent's brother Walter; and Frear Burk, Norval Burk, Bois Burk and Dean Burk, sons of decedent's sister Caroline.  A brother of decedent, Philip Frear, predeceased decedent without leaving issue.  There are no deceased nephews or nieces.

The four sons of intestate's sister Caroline appeal from an

_____

*Assigned by Chairman of Judicial Council.

order fixing inheritance taxes and from a decree distributing the estate to the heirs by right of representation.

Appellants contend that they are entitled to succeed per capita. They rely upon *Estate of Nigro*, 172 Cal. 474 [156 P. 1019], decided in 1916 and *Estate of Ross*, 187 Cal. 454 [202 P. 641], decided in 1921, which held that when such relationships existed the nephews and nieces succeeded to equal shares as next of kin. In 1931 the applicable laws of succession were amended but appellants argue that these cases established a rule of property which continued through the codification changes when the Probate Code was established in 1931 and continues to be the law of this state.

The rights of appellants and the solution of the problems presented here depend upon the construction of sections 225 and 226 of the Probate Code. Section 225 reads: "No surviving spouse nor issue: Parents: Brothers and sisters or their descendants. If the decedent leaves neither issue nor spouse, the estate goes to his parents in equal shares, or if either is dead to the survivor, or if both are dead in equal shares to his brothers and sisters and to the descendants of deceased brothers and sisters by right of representation." The section is based upon former Civil Code, section 1386, subdivision 3, which read, prior to 1931: "If there is neither issue, husband, wife, father, nor mother then in equal shares to the brothers and sisters of decedent and to the children or grandchildren of any deceased brother or sister, by right of representation."

In *Estate of Nigro, supra*—followed in *Estate of Ross, supra*—the court held that under this section nephews and nieces would take by right of representation only if a brother or sister of the decedent had survived him and that not being the situation in the Nigro case, the nephews and nieces there would inherit as "next of kin" under subdivision 5 of section 1386 of the Civil Code. Subdivision 5 then read: "If the decedent leaves neither issue, husband, wife, father, mother, brother, nor sister, the estate must go to the next of kin, in equal degree, excepting that, when there are two or more collateral kindred, in equal degree, but claiming through different ancestors, those who claim through the nearest ancestor must be preferred to those claiming through an ancestor more remote."

Civil Code, section 1386, was repealed in 1931, subdivision 3 became Probate Code, section 225, and subdivision 5 became Probate Code, section 226. There was no material change in section 225, but in the enactment of section 226 the words "nor descendant of a deceased brother or sister" were

added, thus effectively changing the rule of the Nigro and Ross cases. The addition of those words placed another obstruction in the path of descent to nephews and nieces as next of kin and distribution to them by right of representation is now required. (*Van Tiger* v. *Superior Court,* 7 Cal.2d 377 [60 P.2d 851]; *Estate of Haney,* 174 Cal.App.2d 1 [344 P.2d 16].)

Appellants contend that in *Johns* v. *Scobie,* 12 Cal.2d 618 [86 P.2d 820, 121 A.L.R. 1404], decided in 1939, the Supreme Court applied the rule of the Nigro and Ross cases, notwithstanding the 1931 amendments, and thus held that it was still the law of this state. The point was not there involved. Furthermore, in the Johns case, decedent's death occurred in 1924 and, subject to administration, title had vested in the heirs almost seven years prior to the amendments of the code.

The order and the decree are affirmed.

Bray, P. J., and Duniway, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied July 6, 1960.