CLARKE COUNTY, *ex rel.*, THE PROSECUTING ATTORNEY *vs.* COMMISSIONERS OF CLARKE Co.

Where a county, on relation of its prosecuting attorney, makes application for a writ of mandate, against the County Commissioners, and a writ is allowed, such attorney cannot be permitted in the after proceedings, though it be the wish of the parties, to represent both the County and its Commissioners.

The Court will not allow an issue to be joined where both plaintiff and defendant are represented by the same attorney.]

In this case the transcript showing no bill of exceptions, and failing to show that, in the Court below, motion was made for a new trial, the writ of error dismissed.

Error to Second Judicial District.

Opinion by HEWITT, Chief Justice.

This case comes before us on a writ of error from the Second Judicial District. From the transcript it appears that on the 25th day of Sept., 1868, a complaint was filed in the District Court, for the Second Judicial District, against the County Commissioners, of Clarke County, on relation of H. G. Struve, prosecuting attorney of said district, praying for an alternate writ of mandate, to compel said commissioners to levy a tax of five mills on the dollar for the purpose of creating a fund for extinguishing the indebtedness, and also a tax of not exceeding five mils on the dollar, to meet the current expenses of said County. The action is commenced under a special act of the legislative assembly of W. T., approved Jan. 29, 1868.

The complaint is verified by H. G. Struve, prosecuting attorney for Second Judicial District, W. T.

The writ, as prayed for, issued on the 10th day of October, following, requiring said commissioners to appear on the first day of the next term of the District Court, to be held at Vancouver, to show cause why a writ of mandate should not issue commanding them to levy the tax as prayed for in the complaint.

The service of notice is waived on the part of the commissioners, which said waiver is signed by said H. G. Struve, attorney for the County Commissioners.

At the regular term of the District Court, held at Vancouver, in November following, the County Commissioners made return and answer to the writ, which answer and return is signed by said Struve, attorney for commissioners. The case was heard, *ex parte*, at the November term, on motion of said Struve, and the complaint dismissed. Judgment was rendered against the plaintiff for costs, from which a writ of error was sued out, and the precipe signed by the same attorney, and upon the said transcript we are called upon to decide this case.

It appears from the transcript that the same attorney has represented both parties from its inception up to this time, and leave is asked of this Court for him to represent both parties here, which was denied.

We are clearly of opinion that the writ of error must be dismissed for the following reasons: Every case in Court is supposed to consist of, at least, two sides (frequently more), an affirmative and negative; one party asserts a given state of facts, the other party denies one or more of the facts stated, which forms an issue, to be tried by a Court or a jury.

In the case now under consideration, as presented by the transcript, it is not necessary to enquire whether an issue is presented or not, because if there is, this Court will not take cognizance of it where both sides are represented by the same attorney. And if there is no triable issue presented by the transcript this Court has uniformly refused to express any opinion.

But aside from the objections above stated, there is another, that must, under the ruling of this Court, be conclusive against

a review. The transcript does not show any bill of exceptions, neither does it appear that any motion was made for a new trial.

See case of *Brown Bros. & Co. vs. Pepin et al.*, decided at last term; also Stat. of 1863, page 167, Sec. 381.

The writ of error is dismissed with costs in this Court and in Court below, and it is ordered that mandate issue to the Court below in accordance with this opinion.