SWEETLAND et al. v. TRANSBERG et al.

(Circuit Court, E. D. Washington, S. D. January 21, 1910.)

No. 260.

DESCENT AND DISTRIBUTION (§ 52*) — ORDER OF SUCCESSION — WASHINGTON STATUTE.

> Ballinger's Ann. Codes & St. Wash. § 4620, subds. 2, 4 (Pierce's Code, § 2702), relating to the distribution of property of intestates, provide: "(2) If the decedent leaves no issue, the estate goes in equal shares to the surviving husband or wife, and to the decedent's father and mother, if both survive. If there be no father nor mother, then one-half goes in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brothers' or sisters, by right of representation. * * * (4) If the decedent leaves a surviving husband or wife and no issue, and no father nor mother, nor brother nor sister, the whole estate goes to the surviving husband or wife." *Held*, that the second clause of subdivision 2 applies only to cases where there is a surviving brother or sister and children of a deceased brother or sister, and that where there is neither brother nor sister surviving, and the case comes within the terms of subdivision 4, that governs, to the exclusion of children of a deceased brother or sister.

> [Ed. Note.—For other cases, see Descent and Distribution, Cent. Dig. § 160; Dec. Dig. § 52.*]

In Equity. Suit by W. M. Sweetland, B. J. Sweetland, husband of said W. M. Sweetland, and Grover T. Lemon, a minor, by W. M. Lemon, guardian of his estate, against Christine Transberg and others. On demurrer to bill. Sustained.

N. E. Conklin, for complainants.

T. P. Gose and C. C. Gose, for defendants.

WHITSON, District Judge. This is a suit to establish the heirship of complainants as children of the deceased sisters of Hans Transberg, who, it is alleged, died intestate in this district leaving a widow, but neither father, mother, brother, nor sister, surviving.

In the absence of state construction, the demurrer to the amended bill of complaint calls for an interpretation of subdivisions 2 and 4 of section 4620 of Ballinger's Code (Pierce's Code, § 2702), which read as follows:

> (2) "If the decedent leaves no issue, the estate goes in equal shares to the surviving husband or wife, and to the decedent's father and mother, if both survive. If there be no father nor mother, then one-half goes in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brothers or sisters, by right of representation. If decedent leaves no issue, nor husband nor wife, the estate must go to his father and mother."

> (4) "If the decedent leaves a surviving husband or wife and no issue, and no father nor mother, nor brother nor sister, the whole estate goes to the surviving husband or wife."

Complainants claim under the second clause of subdivision 2, while, as to the present issue, counsel for defendants rest their case upon the theory that the widow, to whom the property of deceased was distributed by the probate court, was entitled under subdivision 4 to take as the sole heir of deceased.

---

Several familiar rules of statutory construction are to be observed.

Where the parts of a statute so conflict as to be irreconcilable, a prior must give way to a later provision as being the final expression of the legislative will.

An act, if possible, should receive that construction which will give effect to every clause and section.

While the legislative intent controls, that intent is to be drawn from the statute itself, and it is only where the meaning is ambiguous that there is room for construction at all.

With these rules in mind, we proceed to an examination of the respective claims of the parties. While the clauses in subdivision 2 as divided by periods form distinct sentences, it is manifest that the text was illy punctuated.

The statute of California, from which the act under consideration appears to have been taken (Deering's Civ. Code Cal. 1903, § 1386, subd. 2), divides subdivision 2, which is practically identical in phraseology with subdivision 2 of the statute of this state, into but two sentences. Under the rule that the legislative intent must be discovered if possible, it would seem to be sufficiently clear that the second sentence or clause of this subdivision should be construed in connection with the first. In other words, while the second clause makes provision only for one half of the estate, the provision of the first that the other half goes to the surviving husband or wife should be read into the second.

Thus aiding the statute, it is pertinent to inquire of results.

The complainants must rest upon one of two propositions: Either the subdivisions must be reconciled, or subdivision 4 must be disregarded altogether. But the latter presents nothing to construe. It is unambiguous. If complainants may take under subdivision 2, then the rule that a later conflicting provision nullifies that which goes before will have to be ignored. From that standpoint, subdivision 4 would be superfluous. The court is not at liberty to violate so cardinal a rule of construction. It would involve also substituting that which does at least need aid to make it understood, for language entirely certain in meaning.

Thus far the discussion has proceeded upon the assumption that the two provisions affect the same matter and cannot stand together; and it has been seen that if they cannot be reconciled the complainants must fail. If they can be harmonized, it is perfectly clear that it must be done by construing subdivision 2, which is obscure, and not by abrogating subdivision 4, the terms of which are too plain to be construed. It has been suggested that section 4620 was probably taken from California. A perusal of the statute of that state is confirmatory of this conclusion. But, however, that may be, the California Supreme Court, considering identical provisions, clearly expressed a view contrary to the contention of complainants' counsel.

In Ingram's Estate v. Clough, 78 Cal. 586, 21 Pac. 435, 12 Am. St. Rep. 80, that court concluded that the second subdivision was meant to apply only to cases where there is a surviving brother or sister and children of a deceased brother or sister. The reason for the use of the

word "and," instead of "or," relied upon here as having the same meaning. will thus be seen. This harmonizes the statute and gives effect to the whole. The decision above referred to no doubt led to the amendatory act of the Legislature of California in 1905, which must have been adopted to meet the holding of the Supreme Court. The argument, therefore, by complainants' counsel, that the legislative interpretation ought to be adopted, results in favor of the defendants, for if the construction relied upon is sound there was no need of an amendment.

It cannot escape attention that the right to take by representation is specifically provided for in subdivisions 1, 2, 3, 6, and 7 of the above-noted section, but is omitted in subdivision 4. This emphasizes the views already expressed, and it negatives inadvertence on the part of the Legislature in framing the statute, if such an element could become the subject of consideration. From whatever standpoint the matter be regarded, there is no ground upon which the complainants may stand as heirs of the deceased.

This conclusion renders it unnecessary to discuss section 4638 (section 2716, Pierce's Code).

Demurrer sustained.