[No. 12204.   Department Two.   February 16, 1915.]

*In the Matter of the Estate of* JOHN W. ROBERTS.[1]

DESCENT AND DISTRIBUTION—COLLATERAL HEIRS—CHILDREN OF DE-
CEASED SISTER.   Inheritance by collateral heirs is confined to "chil-
dren," excluding grandchildren of collateral heirs of the deceased,
under Rem. & Bal. Code, § 1341, subd. 3, providing that, where there
is no issue, nor husband, wife, father nor mother, the estate of an
intestate shall descend "in equal shares to the brothers and sisters
of the decedent, and to the children of any deceased brother or sis-
ter, by right of representation," in view of the fact that the word
"children" in laws of descent is not construed to include "grand-
children," and the fact that this section distinguishes between "is-
sue" and "children," authorizing inheritance *in infinitum* only by
direct heirs; and this construction is not affected by Id., § 1328, pro-
viding for descent to "lineal descendants" in estates devised by will
to collateral heirs.

Appeal from an order of the superior court for Pierce
county, Clifford, J., entered March 12, 1914, dismissing a
petition for distribution to claimants of an interest in an
estate, upon sustaining demurrers to the petition.   Affirmed.

*Howard O. Durk (Herbert E. Snook* and *T. D. Rockwell,*
of counsel), for appellants.

*Raymond J. McMillan* and *Ernest K. Murray,* for re-
spondent Roberts.

*Dunkleberger & Heinly,* for respondent Rossiter.

CROW, J.—In May, 1912, John W. Roberts died intestate,
leaving an estate in Pierce county, but leaving no issue, nor
wife, nor father, nor mother.   His brother, George W. Rob-
erts, and his nieces, Catherine Rossiter and Elizabeth Beck,
daughters of William Roberts, a deceased brother, are ad-
mitted to be his heirs at law.   The surviving brother,
George W. Roberts, was appointed and qualified as adminis-
trator of the estate.   The appellants, Charles F. Larson,
Ernest Larson, Edith Larson, and Nellie Wolbert, brothers

[1]Reported in 146 Pac. 398.

and sisters, are the surviving children of Alice Rossiter Larson, who was the daughter of a deceased sister of the intestate. When the estate was ready for distribution, appellants filed a petition, setting forth their relationship to the deceased and demanding that one-third of the estate be distributed to them. Demurrers of the conceded heirs at law interposed to this petition were sustained, and the petition was dismissed. This appeal is taken from the order of dismissal.

There is no dispute as to facts. The only question presented is whether appellants are entitled to inherit an interest in the estate. The third rule of our statute of descent, Rem. & Bal. Code, § 1341, subd. 3 (P. C. 409 § 637), which is applicable here, reads as follows:

"If there be no issue, nor husband nor wife, nor father and mother, nor either, then in equal shares to the brothers and sisters of the decedent, and to the children of any deceased brother or sister, by right of representation."

Appellants contend that, although the statute by express terms only includes children of deceased brothers and sisters among those entitled to a distributive share, it should be so construed as to include also grandchildren by right of representation. The trial judge distributed one-half of the estate to George W. Roberts, the surviving brother, and one-half to Catherine Rossiter and Elizabeth Beck, by right of representation as the children of William Roberts, a deceased brother of the intestate.

Appellants argue that our statute of descent, being in derogation of rules of the common law, should be strictly construed. They cite the fourth canon of descent at common law, 2 Blackstone, Commentaries, page *217, which reads as follows:

"That the lineal descendants, *in infinitum*, of any person deceased, shall represent their ancestor; that is, shall stand in the same place as the person himself would have done, had he been living."

They insist, that this canon of the common law was not repealed by our statute, § 1341; that it is still in force as an active and efficacious principle of our law of descent; and that it confers upon appellants a substantial right to inherit the same share of the estate which Alice Rossiter Larson, their mother, would inherit were she now living. Whether liberally or strictly construed, the statute conveys but one meaning, and that is that only children of deceased brothers and sisters of the intestate can inherit by right of representation. This conclusion is in harmony with the great weight of authority to which citation will be hereinafter made.

Appellants call attention to § 1328 of chapter 5, title 10, Rem. & Bal. Code, relating to wills, claim that it is *in pari materia* with § 1341, *supra*, of chapter 6 of the same title, and argue that the rule of inheritance *in infinitum*, mentioned in § 1328, should be adopted and applied in construing § 1341. The section cited (1328) reads as follows:

"When any estate shall be devised to any child, grandchild, or other relative of the testator, and such devisee shall die before the testator, having lineal descendants, such descendants shall take the estate, real and personal, as such devisee would have done in case he had survived the testator."

The section cited applies only to estates devised by will, and it is manifest the rule therein mentioned can have no controlling application to the estate of an intestate, the devolution of which is explicitly defined and limited by § 1341. The latter section, which is clear, explicit, and devoid of ambiguity, expressly provides for inheritance by *children* of deceased brothers and sisters of an intestate, but makes no provision for inheritance by *grandchildren* of such deceased brothers and sisters. In construing statutes of inheritance, the courts have not construed the term "children" as including grandchildren. Section 1341, in language which is plain and specific, provides that, in the event an intestate leaves no issue, nor husband nor wife, nor father and mother, nor either,

the estate shall descend in equal shares to the brothers and sisters of the deceased, and to the *children* of any deceased brother or sister by right of representation. Grandchildren are not mentioned, and provisions of the common or civil law relating to the same subject, if ever in force in this state, have been abrogated by this statute. The courts of many of the states have considered and passed upon the identical question here involved. In California a statute in force at the time our statute was adopted reads as follows:

"(3) If there be no issue, nor husband, nor wife, nor father, then in equal shares to the brothers and sisters of the intestate, and to the children of any deceased brother or sister by right of representation."

This section was construed by the supreme court of California in *Estate of William Curry*, 39 Cal. 529. In that case the intestate left a sister, a nephew, and a niece, the nephew and niece being respectively children of two sisters who died before the intestate. The intestate was also survived by four grandchildren of a deceased sister, who claimed they were entitled to a fourth interest in the estate. The trial court decided against them and, on appeal, the supreme court affirmed the judgment. In its opinion the supreme court said:

"There is no doubt that in the popular understanding the word 'children' does not include grandchildren, but is confined to the descendants in the first degree—the immediate offspring; and it may generally be said, too, that the construction put upon this word by law accords with its popular signification. In the judicial construction of wills, where rules of interpretation are often greatly relaxed, the word is considered as not including by mere expression the descendants in the second degree, in the absence of other phrases or of circumstances showing that the testator really used the word in a more comprehensive sense, in which case, of course, the ordinary meaning will be extended so as to support his ascertained intention. The statutory provision under consideration is one which regulates the distribution of property in the *collateral* descending line, and we think that the word 'children' should receive the construction which, as we

have said, comports with its usual legal and popular definition. Upon the point involved here, too, our statute seems to substantially conform to the English statute of Charles II, which was in turn borrowed from the 118th Novel of Justinian, and the general rule of both the novel and of the statute of Charles is, that among collaterals representation is not admitted after the immediate offspring of brothers and sisters."

This decision, which is directly in point, was made in 1870, before the legislature of the territory of Washington adopted our present statute of descent and distribution, and a comparison of our statute with that of California, which was construed in the case cited, indicates that our statute may have been taken from that of California. In the following cases similar statutes have been construed in the same manner: *Quinby v. Higgins*, 14 Me. 309; *Iglehart v. Holt*, 12 App. D. C. 68; *Bigelow v. Morong*, 103 Mass. 287; *Douglas v. Cameron*, 47 Neb. 358, 66 N. W. 430; *In re Chapoton's Estate*, 104 Mich. 11, 61 N. W. 892, 53 Am. St. 454. No cases have been cited by appellants which announce a contrary rule of construction.

The statute now under consideration uses the words "issue" and "children" as distinguished the one from the other. When descent to direct heirs of an intestate is directed, the word "issue" is used, authorizing inheritance *in infinitum*. In the instant case, the inheritance is not by direct but by collateral heirs, and it is especially notable that in dealing with collaterals § 1341, subd. 3, abandons the word "issue" and uses the word "children." Had it been the legislative intention that grandchildren of a deceased brother or sister of an intestate should inherit by right of representation, it would seem that the words "children" or "issue of children of a deceased brother or sister" would have been used in some manner similar to the use of the word "issue" in subd. 1 of the section. The words "child," "children," "issue," and "lineal descendants" are used with such careful discrimination in the various subdivisions of § 1341 as to make it evi-

dent that the legislature understood the meaning of each of them, and in each instance carefully selected the particular word or words best adapted to express its intention. In subd. 3, the word "children" is found in close proximity to the word "issue," indicating an understanding of the distinction in meaning between the two. The statute beyond question expresses an intention to limit the right of representation in cases where property descends to collateral heirs.

The trial court properly held that appellants are not entitled to any interest in the estate. The judgment is affirmed.

ELLIS, FULLERTON, MAIN, and MOUNT, JJ., concur.