[No. 20739.   Department Two.   December 15, 1927.]

*In the Matter of the Estates of* MARY THERESA DOWNING *and* ROBERT W. DOWNING, *Deceased.*

BELLE VAN CAMP *et al., Appellants,* v. ALICE LEGORE *et al., Respondents.*[1]

[1] APPEAL (87)—ATTORNEY AND CLIENT (3)—PARTIES ENTITLED TO APPEAL—INTEREST IN SUBJECT-MATTER—ATTORNEY REPRESENTING SEVERAL PARTIES. Where an administrator was entitled to appeal from an order of final distribution to correct error therein, his attorney may represent, and prosecute an appeal on behalf of, the heirs entitled to a correction of the decree, since the interests are not conflicting.

[2] APPEAL (191)—REQUISITES—BOND—DEPOSIT AS SECURITY. A deposit of $200 with the clerk of the court in lieu of an appeal bond dispenses with the necessity of an appeal bond.

[3] APPEAL (272)—NECESSITY AND CONTENTS OF STATEMENT OF FACTS—INCORPORATING AFFIDAVITS. On motion to dismiss an appeal on the ground that the order appealed from was entered by consent and without contest, the supreme court will not consider affidavits and letters brought up by supplemental transcript, or filed in the supreme court, and not made a part of the statement of facts or certified by the trial judge.

[4] DESCENT AND DISTRIBUTION (5-1)—PERSONS ENTITLED—REMOTE COLLATERAL KINDRED. Where decedent leaves no husband, wife, father, mother, brother or sister, the estate goes to the children of his deceased brothers or sisters, to the exclusion of grandchildren of a deceased sister, in view of Rem. Comp. Stat., § 1341, subd., 5, providing that in such case the estate must go "to the next of kin, in equal degree."

[5] JUDGMENT (106)—VACATION—ERRORS OF LAW. In the absence of any motion for a new trial, made within the time provided by Rem. Comp. Stat., § 402, the probate court is powerless to vacate and set aside an erroneous order of final distribution.

Appeal from an order of the superior court for Clark county, Simpson, J., entered January 17, 1927, vacating a judgment of distribution of an estate, after a hearing before the court. Reversed.

[1]Reported in 262 Pac. 235.

*Gordon Powers,* for appellants.

*J. W. Brooks* and *Bates & Burnett,* for respondents.

HOLCOMB, J.—Mary Theresa Downing died on January 18, 1926, leaving a will bequeathing and devising her entire estate to her husband, Robert W. Downing. Robert W. Downing died on March 15, 1926, leaving a will bequeathing and devising his entire estate to Mary Theresa Downing. Both the testators were residents of Clark county, Washington, the wills were probated there, and Mary Theresa Downing having predeceased her husband, he was, therefore, deemed to have died intestate. The estates were combined and the probate conducted under one procedure.

The surviving relatives of Robert W. Downing, as alleged in the final report and petition for distribution in the combined estates and as found in the order of the trial court approving the same, were Belle Van Camp, niece, Nettie L. Jones, niece, Harry Learned, nephew, Annie A. Wickersham, niece, Alice LeGore, grandniece, Werden Clark, grandnephew, and Beatrice Clark, grandniece. Belle Van Camp, Nettie L. Jones and Harry Learned are children of a deceased sister; Alice LeGore, Werden Clark and Beatrice Clark are grandchildren of a deceased sister, their mother having died prior to the death of the testator.

By a decree entered January 12, 1927, the estate of Mary Theresa Downing was adjudged to have become vested in Robert W. Downing, as a part of his estate and distributable as the estate of Robert W. Downing. It was decreed that the distribution should be made under Rem. Comp. Stat., § 1341, subd. 3 [P. C. § 9847], Annie A. Wickersham receiving a one-fourth interest; Alice LeGore, Werden Clark and Beatrice Clark together receiving a one-fourth interest, that is, a one-twelfth part each; Belle Van Camp, Nettie L. Jones

and Harry Learned receiving together a one-half interest, that is, a one-sixth interest each.

After the decree of January 12, 1927, had been entered, the trial court, of his own motion, on January 17, 1927, entered an order vacating that part of the decree of January 12, whereby any part of the estate was distributed to Alice LeGore, Werden Clark and Beatrice Clark, and required them to show cause, on February 14, 1927, why the estate should not be distributed in its entirety to Annie A. Wickersham, Belle Van Camp, Nettie L. Jones and Harry Learned. The record shows a subsequent decree, entered on February 14, 1927, which recites that all parties were notified of the hearing above mentioned, that on that date a hearing was had, that no objection was made, and the decree was entered accordingly.

Counsel for appellants states, in his brief, that appellants were dissatisfied with the portions received, and called the attention of the trial court to the error of law in the decree of January 12, 1927, claiming that the distribution should have been made under subdivision of § 1341, *supra,* and that it was upon that suggestion that the court made its order of January 17, vacating that part of his decree of January 12, and ordering the distributees so affected to show cause on February 14, why the decree should not be modified. But there is nothing in the record to sustain the statement that appellants caused the proceedings to modify the decree of January 12.

Appellants, barely within the time for an appeal to be taken, appealed from the decree of January 12, 1927. No appeal has been taken by respondents Alice LeGore, Werden Clark and Beatrice Clark from the decree of February 14, nor by the administrator of the combined estates with the wills annexed. The record shows that the same attorney now appealing for appellants Van Camp, Jones and Learned, was one

of the attorneys for the administrator of the combined estates in probate throughout.

Respondents Alice LeGore, Werden Clark, Beatrice Clark, and E. F. Drake and J. W. Brooks, who represented some interest by assignment from the above named parties, in their brief move to dismiss the appeal herein for the reasons: (1) That the notice of appeal is signed by the attorney for Van Camp, Jones and Learned, who was, and is, one of the attorneys of record of respondent, the administrator with the wills annexed of the combined estates; that he received a share of the $2,000 attorneys' fees allowed the attorneys for the administrator with the wills annexed of the combined estates; that he is disqualified from representing any contesting interest herein and from signing, serving or maintaining any appeal herein; (2) that no appeal bond has been served in the manner provided by law or at all in this matter; (3) that the decree entered on January 12, 1927, is a consent decree, entered without contest and on the application of all parties, on the motion of Messrs. Bates & Burnett and Gordon Powers, as attorneys for the administrator with the wills annexed of the combined estates, and that the decree has been partially performed by the administrator giving checks in accordance therewith, all parties in the matter consenting and agreeing in the entry of that decree.

A further motion to dismiss the appeal as to J. W. Brooks states that the record shows that he is attorney in fact of Alice LeGore, and not a necessary and proper party to the appeal.

Counsel for respondent, the administrator, who has not appealed from the decree of January 12, do not join in the motion of respondents Alice LeGore, Werden Clark and Beatrice Clark, Drake and Brooks, but, on the contrary, appear here and, in effect, sup-

port the appeal of appellants, and oppose the motion of the other respondents.

The record shows that the final report and petition for distribution, filed by the administrator with the wills annexed, and signed by both the attorney for the present appellants and Bates & Burnett, associate counsel for the administrator, contains an allegation, in substance, that Alice LeGore had filed an assignment of her interest to one Baker, and also a power of attorney to Brooks, in which documents she asserted a claim to an undivided one-twelfth interest in the estate; that Annie A. Wickersham claims an undivided one-fourth interest; that Werden Clark and Beatrice Clark each claims an undivided one-twelfth interest; and that Belle Van Camp, Nettie L. Jones and Harry Learned each claims an undivided one-sixth interest therein; but that the latter claim to have a larger interest in the estate to be distributed, and further claim that the interests of the former are less than that claimed by them.

It is, therefore, apparent that the decree, entered upon the final report and petition for distribution, was not a consent decree as to these appellants, and that respondent had notice that these appellants claimed a greater interest in the estate than was awarded them by the decree of January 12.

[1] Respondents, the movents, in arguing their motions, assert that subdivision 6 of Canon II, of the Rules and Canons of the American Bar Association, controls here:

"It is unprofessional to represent conflicting interests, except by express consent of all concerned given after a full disclosure of the facts. Within the meaning of this canon, a lawyer represents conflicting interests when, in behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose."

Movents also cite two early cases, *Clarke County ex rel. v. County Commissioners,* 1 Wash. Terr. 250, and *Nickels v. Griffin,* 1 Wash. Terr. 374, in the first of which a district prosecuting attorney instituted an action against the county commissioners, praying for an alternative writ of mandate to compel them to levy a tax. The county commissioners made return and answer to the writ, which answer and return was signed by the same district prosecuting attorney as attorney for the commissioners. At the hearing on the alternative writ and return thereto, in the lower court, on motion of the attorney, the complaint was dismissed. Judgment was rendered against the relator for costs, from which a writ of error was sued out, the praecipe being signed by the same attorney, and the record shows that the same attorney represented both parties from the inception of the action up to the time when the writ of error was sued out in the appellate court. The court said:

"We are clearly of opinion that the writ of error must be dismissed for the following reasons: Every case in court is supposed to consist of, at least, two sides (frequently more), an affirmative and negative; one party asserts a given state of facts, the other party denies one or more of the facts stated, which forms an issue, to be tried by a court or a jury.

". . . it is not necessary to inquire whether an issue is presented or not, because if there is, this court will not take cognizance of it where both sides are represented by the same attorney. And if there is no triable issue presented by the transcript this court has uniformly refused to express any opinion."

In the *Nickels* case, *supra,* in which there is only a short statement which is not very clear, it was ordered that the counselor and proctor for appellant in that case, who, it seems, appeared as proctor in admiralty or advocate for appellee in a certain other cause, had obtained such information in confidence from appellee

as should have excluded him from acting as counselor and proctor for appellant in the matter before the court. The court simply said that professional confidence once reposed can never be divested by expiration of professional employment, and that it was an abuse of trust, not to be tolerated, for counsel to take the position that he had taken in the cause. A rule was, therefore, entered, excluding him from further appearing in the cause.

The last decision is by no means conclusive or even persuasive. There was involved in that matter some breach of professional confidence which does not clearly appear in the opinion. Nor is the *Clarke County* case decisive. In that case the attorney was actively engaged in representing both parties in a proceeding intended to establish a certain precedent by the determination of the court of last resort. As the court said, there was no triable issue presented.

In the present case, while counsel for appellants had represented the administrator with the wills annexed throughout the probate proceeding, upon the entry of the order for a decree of distribution the administrator himself could have appealed, in order to obtain a proper distribution of the estate under the law, since it is his duty to guard against error in distribution. *In re Sullivan's Estate,* 48 Wash. 631, 94 Pac. 483. In fact, the position of the administrator, upon this appeal, is concurrent with that of appellants. Any party aggrieved by the final decree can appeal. The attorney for any such party can represent such party on an appeal, unless the interest should conflict with the party previously represented. Such is not the case here.

[2] As to the second ground of the motion, that no appeal bond has been served, the record shows that the sum of two hundred dollars in money has been de-

posited with the clerk of the lower court, in lieu of an appeal bond.

[3]  As to the third ground of the motion, that the decree of January 12, 1927, is a consent decree, entered without contest and upon the application of all parties, as shown by a purported supplemental transcript brought up by respondents and movents, attempting to show, by certain correspondence between counsel, respectively, that the decree of January 12 was entered by consent and agreement and that it has been partially performed, as stated in the motion.

The purported supplemental transcript also contains affidavits and counter-affidavits of counsel, relating to the alleged agreement and consent as to the decree of January 12.

These letters and affidavits and other instruments brought up by supplemental transcript cannot be considered. Some of them were filed in the lower court on September 19, 1927, long after the appeal herein was perfected, and some were filed in this court originally as late as October 4 and October 10, 1927, long after the appeal was perfected in this court. None of them is made a part of any statement of facts in the lower court, they are not certified by the trial judge, and under our uniform practice, cannot be considered as a part of the record on appeal. Hence, we cannot consider the attempted showing on the part of respondents and movents that the decree of January 12 was entered by consent or agreement or that it had been acted upon and partially accepted by the parties to the appeal.

The cases cited to the point that a consent judgment and disbursements received under the judgment or decree render the cause unappealable, are not in point.

The motions are denied.

6—146 wash.

[4]   Upon the merits, appellants contend that Rem. Comp. Stat., § 1341, subd. 5, which reads:

"If the decedent leaves no issue, nor husband nor wife, and no father nor mother, nor brother nor sister, the estate must go to the next of kin, in equal degree, . . ."

applies in such a situation as this.

In support of that contention appellants cite *In re Roberts' Estate,* 84 Wash. 163, 146 Pac. 398, and *In re Fields' Estate,* 141 Wash. 526, 252 Pac. 534. The decision in *Roberts' Estate, supra,* applies and is controlling, but the other decision does not.

In the *Roberts' Estate* case we held that inheritance by collateral heirs, under our statute of descent, is confined to "children," excluding grandchildren of collateral heirs of the deceased, reviewed the authorities and gave our reasons for so deciding. We still think the decision was correct.

The *Fields' Estate* case involved an estate where there was a surviving wife, by reason of which subd. 2, § 1341, *supra,* was held to have no application, and that the matter was controlled by subd. 4, § 1341, *supra.* Obviously, that case has no controlling force in this case, except that we reaffirmed the principle that succession of estates is entirely a matter of statutory regulation.

The decree of January 12, 1927, was manifestly erroneous in law.

[5]   No motion for a new trial was made by any party within the time and in the manner prescribed by § 402 [P. C. § 8229], setting forth the grounds, or any of them, as required by §§ 399, 400, Rem. Comp. Stat. [P. C. §§ 8225, 8228].

Such being the situation, that the trial court had no jurisdiction to set aside the decree, even in a probate proceeding, is well settled by the decision of this court

in *In re Jones' Estate*, 116 Wash. 424, 199 Pac. 734, and statutes, cases and text, there cited.

While it might seem an idle supererogation so to do, when the trial court has, apparently, already entered such a decree of distribution as should have been entered at first, we have no option but to formally reverse the decree of January 12, 1927, with instructions to proceed in conformity hereto.

Reversed.

MACKINTOSH, C. J., ASKREN, and MAIN, JJ., concur.